# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

KIMBERLY CROCKETT,
FIELDSTONE VINEYARDS, INC., a
Minnesota Corporation, and WHITE WINTER
WINERY, INC., a Wisconsin Corporation,
                Plaintiffs,

– versus –

MICHAEL CAMPION, in his official capacity
as COMMISSIONER OF PUBLIC SAFETY
OF THE MINNESOTA DEPARTMENT OF
PUBLIC SAFETY, and
NORMAN PINT, in his official capacity as
ACTING DIRECTOR OF THE DIVISION OF
ALCOHOL AND GAMBLING
ENFORCEMENT OF THE MINNESOTA
DEPARTMENT OF PUBLIC SAFETY,
                Defendants.

Case Number: 05-2386
(ADM/JSM)
Constitutional Claims

## CONSENT JUDGMENT

**WHEREAS**, Plaintiffs filed and served their Complaint in this matter on October 12, 2005, the allegations of which are incorporated herein by reference;

**WHEREAS,** Defendants filed and served their Answer to the Complaint on November 1, 2005, the allegations of which are incorporated herein by reference;

1

**WHEREAS,** Plaintiffs and Defendants agree that an actual case and controversy exists sufficient to enter the instant consent judgment;

**WHEREAS,** Defendants' sole interest is to ensure that the liquor laws they are charged with enforcing are constitutional under the United States and Minnesota Constitutions;

**WHEREAS,** Defendants recognize that since the initial enactment of Minn. Stat. § 340A.417(c) (in 1993), the United States Supreme Court has rendered decisions which raise legitimate questions about the current constitutionality of that statute;

**WHEREAS,** Defendants agree that Minnesota farm wineries licensed under Minn. Stat. § 340A.315, such as Plaintiff Fieldstone Vineyards, are not subject to Minn. Stat. § 340A.417(c), and have the right under the First and Fourteenth Amendment to the U.S. Constitution to engage in truthful, non-misleading advertising and solicitation of sales and shipments of wine directed to Minnesotan consumers, as well as to accept Minnesotan consumers' orders for direct sales and shipments of wine via the Internet;

**WHEREAS,** Defendants recognize that wineries domiciled in other states enjoy the same First and Fourteenth Amendment rights as wineries domiciled in the State of Minnesota;

2

**WHEREAS,** in order to ensure Chapter 340A of the Minnesota Statutes is enforced in compliance with the U.S. Constitution, the parties have agreed that it is reasonable and necessary to enter the instant consent judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED PURSUANT TO AGREEMENT OF THE PARTIES AS FOLLOWS:

1. Defendants shall continue to recognize that farm wineries licensed under Minn. Stat. § 340A.315, such as Plaintiff Fieldstone Vineyards, are not governed by the authority and restrictions of Minn. Stat. § 340.417.

2. It is stipulated and agreed that Plaintiff wineries have the right under the First and Fourteenth Amendment to the U.S. Constitution, to engage in truthful, non-misleading advertising and solicitation of direct sales and shipments of wine to Minnesotan consumers, including Plaintiff Kimberly Crockett, as well as to freely initiate and/or accept online orders for sales and shipments of wine placed by Minnesotan consumers via the Internet, including Plaintiff Kimberly Crockett, when making sales of wine under Minn. Stat. § 340A.417(a).

3. Defendants agree to remove their policy letter of May 1998, located at http://www.dps.state.mn.us/alcgamb/ship.htm, from their website.

4. Defendants shall post a copy of this Consent Judgment on their website until at least December 31, 2010.

5. It is stipulated and agreed that Defendants, their employees, agents, representatives, and successors, cannot constitutionally enforce Minn. Stat. § 340A.417(c), in its present form, against any truthful, non-misleading advertising and solicitation of direct sales and shipments of wine to Minnesotan consumers, including Plaintiff Kimberly Crockett, as well as the initiation and/or acceptance of online orders for sales and shipments of wine placed by Minnesotan consumers, including Plaintiff Kimberly Crockett, via the Internet.

6. Defendants, their employees, agents, representatives, and successors, shall not enforce Minn. Stat. § 340A.417(c) in its current form against Plaintiffs Fieldstone Vineyards, Inc. and White Winter Winery, Inc., or any other similarly situated winery.

7. It is stipulated and agreed that Defendants, their employees, agents, representatives, and successors, cannot constitutionally interpret or enforce Minn. Stat. §§ 340A.315 and 340A.417 in a manner that discriminates between out-of-state wineries and in-state wineries, including Minnesota farm wineries, in the exercise of their First and Fourteenth Amendment rights to engage in truthful, non-misleading advertising and solicitation of

direct sales and shipments of wine to Minnesotan consumers, including Plaintiff Kimberly Crockett, as well as the initiation and/or acceptance of online orders for sales and shipments of wine placed by Minnesotan consumers, including Plaintiff Kimberly Crockett, via the Internet.

8. This Consent Judgment shall finally determine and dispose of the various claims alleged in the pending complaint.

9. The parties mutually agree to waive any claim for costs, litigation expenses, and attorneys fees arising from or related to this lawsuit pursuant to 42 U.S.C. § 1983, or other authority.

Dated: April 3, 2006

<u>Judge Ann D. Montgomery</u>
U.S. District Court Judge
Ann D. Montgomery

Stipulated and Agreed to:
By <u>s/Lee U. McGrath</u>
Lee U. McGrath(Minn. No. 0341502)
Executive Director
Institute for Justice Minnesota Chapter
527 Marquette Avenue-Suite 1600
Minneapolis, MN 55402-1330
Attorney for Plaintiffs

By <u>s/Paul R. Kempainen</u>
Paul R. Kempainen
(Minn. No. 54987)
Assistant Attorney General
1400 NCL Tower
445 Minnesota St.
St. Paul, MN 55101
Attorney for Defendants